UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-11332 RCL

LAWRENCE M. STERN,

    Plaintiff,

v.

BRIAN M. ADLEY,

    Defendant.

RECEIPT # 56583
AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 6/15/04
MAGISTRATE JUDGE Cohen

## COMPLAINT TO ENFORCE NEW YORK STATE JUDGMENTS

1. The plaintiff, Lawrence M. Stern ("Stern"), is an individual and a resident of the City, County, and State of New York.

2. The defendant, Brian M. Adley ("Adley"), is an individual and a resident of the Town of Lexington, Middlesex County, Commonwealth of Massachusetts.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), the parties being of diverse citizenship and the matter in controversy exceeding the sum or value of $75,000, exclusive of interest or costs.

### COUNT 1

4. In this paragraph of his complaint Stern incorporates the allegations set forth in the preceding paragraphs 1 through 3.

5. Stern obtained a Judgment against Adley in the Supreme Court of the State of New York, County of New York, on February 20, 2003, in the

1

amount of $1,351,428.28. A certified copy of the Judgment is attached hereto as Exhibit 1.

6. Stern is the sole holder of this Judgment. The Judgment remains in full force and effect, is final under the laws of the State of New York, and has been satisfied in no part.

7. Pursuant to Art. IV, § 1 of the United States Constitution and 28 U.S.C. § 1738, the Judgment of the Supreme Court of the State of New York, County of New York, is entitled to this Court's full faith and credit.

8. In accordance with this Judgment, Adley owes Stern the amount of the judgment – $1,351,428.28 – plus interest from February 20, 2003. Despite demand, Adley has failed and refused to make any payments to Stern on account of this Judgment.

## COUNT 2

9. In this paragraph of his complaint Stern incorporates the allegations set forth in paragraphs 1 through 3.

10. Stern obtained a second and independent Judgment against Adley in the Supreme Court of the State of New York, County of New York, on June 20, 2003, in the amount of $779,497.26. A certified copy of this second Judgment is attached hereto as Exhibit 2.

11. Stern is the sole holder of this second Judgment. The Judgment remains in full force and effect, is final under the laws of the State of New York, and has been satisfied in no part.

12. Pursuant to Art. IV, § 1 of the United States Constitution and 28 U.S.C. § 1738, this second Judgment of the Supreme Court of the State of New York, County of New York, is entitled to this Court's full faith and credit.

13. In accordance with this second Judgment, Adley owes Stern the amount of the judgment – $779,497.26 – plus interest from June 20, 2003. Despite demand, Adley has failed and refused to make any payments to Stern on account of this second Judgment.

WHEREFORE, plaintiff requests that this Court enforce the two Judgments of the Supreme Court of the State of New York, County of New York, by entering judgment against the defendant Brian M. Adley on Count 1 for the sum of $1,351,428.28, plus interest and costs, and on Count 2 for the sum of $779,497.26, plus interest and costs.

LAWRENCE M. STERN
By his attorney,

*/s/ Michael J. Liston*
Michael J. Liston BBO# 301760
2 Park Plaza, Suite 610
Boston, MA 02116
(617) 426-2281

June 15, 2004

Present Hon. Richard B. Lowe III
Justice

~~SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK~~

AT IAS PART 56 OF THE SUPREME COURT OF THE STATE OF NEW YORK, HELD IN AND FOR THE COUNTY OF NEW YORK, AT THE COUNTY COURT HOUSE THEREOF ON January _, 2003

-----------------------------------------------------------x

LAWRENCE M. STERN,

           Plaintiff,

    - against -

CHANCELLOR CORPORATION and
BRIAN M. ADLEY,

           Defendants.

-----------------------------------------------------------x

Index No. 604329/01

ORDER

(004)

FILED FEB 20 2003 COUNTY CLERK'S OFFICE NEW YORK

The Summons with Notice in this action having been personally served upon defendant Chancellor Corporation ("Chancellor") and defendant Brian M. Adley ("Adley") on the 3rd day of September, 2001, defendant Adley having submitted Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment in Lieu of Complaint dated November 1, 2001 and an accompanying affidavit, Plaintiff's motion for Summary Judgment in Lieu of Complaint having been denied as to defendant Adley and granted as to defendant Chancellor on default, defendant Adley having failed to answer the March 14, 2002 Order to Show Cause, defendant Adley having failed to abide by this Court's March 27, 2002 Order to provide discovery responses and appear with counsel on April 25, 2002, defendant Adley having failed during proceedings before this Court on August 1, 2002 to reaffirm his original sworn statements concerning his signatures, defendant Adley having failed to abide by this Court's August 1, 2002 Order to submit an affidavit concerning his signatures, defendant Adley having failed to abide by this Court's October 8, 2002 Order to submit an affidavit concerning his signatures and to appear in Court on October 10, 2002, leave to renew summary judgment by order to show cause having been granted during proceedings on October 10, 2002, Stern having duly moved for renewal of

summary judgment in lieu of complaint against defendant Adley by Order to Show Cause dated October 17, 2002, and defendant Adley's counsel having appeared and not opposing said motion,

Now, upon the Order to Show Cause dated October 17, 2002, the Affirmation in Support of Order to Show Cause dated October 17, 2002, the Statement of Material Facts on Order to Show Cause dated October 17, 2002 and all other papers and proceedings had herein:

IT IS HEREBY ADJUDGED, that plaintiff Lawrence M. Stern, residing at 1160 Park Avenue, New York, New York, recover from defendant Brian M. Adley, residing at 1963 Massachusetts Avenue, Lexington, Massachusetts 02421, the principal amount of three promissory notes in the following amounts, respectively: promissory note dated July 25, 2000 in the amount of two hundred forty six thousand dollars and zero cents ($246,000.00), with interest calculated from July 25, 2000; promissory note dated August 3, 2000 in the amount of three hundred seventy five thousand dollars and zero cents ($375,000.00), with interest calculated from August 3, 2000; promissory note dated August 25, 2000 in the amount of four hundred ninety six thousand dollars and zero cents ($496,000.00), with interest calculated from August 25, 2000, all totaling one million, one hundred seventeen thousand dollars and zero cents [handwritten: ✓ IN THE AMOUNT OF 234,048] ($1,117,000.00), together with unpaid interest on each promissory note. The clerk is directed to enter judgment in the amount of one million, one hundred seventeen thousand dollars and zero

cents ($1,117,000.00), together with unpaid interest on each promissory note in favor of plaintiff ~PLUS COSTS + DISBURSE~ OF 380~~
ALL TOTALING 1,351,428.28 *.
Lawrence M. Stern and against defendant Brian M. Adley.

LET THE PLAINTIFF HAVE EXECUTION THEREOF,

~~Judgment signed and entered this ___ day of _____, 2003~~

ENTER

_____
J.S.C.

## RICHARD B. LOWE III

Nº **163588**

STATE OF NEW YORK,
COUNTY OF NEW YORK, SS:
I, NORMAN GOODMAN,
COUNTY CLERK AND CLERK
OF THE SUPREME COURT,
NEW YORK COUNTY,
DO HEREBY CERTIFY ON

**MAY 13 2004**

THAT I HAVE COMPARED THE
COPY WITH THE ORIGINAL
FILED IN MY OFFICE ON

2/20/03

AND THAT THE SAME IS A
CORRECT TRANSCRIPT
THEREFROM AND OF THE
WHOLE OF SUCH ORIGINAL.
IN WITNESS WHEREOF,
I HAVE HEREUNTO SET MY
HAND AND AFFIXED MY
OFFICIAL SEAL.

_[seal]_
FACSIMILE SIGNATURE USED
PURSUANT TO SEC. 953,
COUNTY LAW.

FEE PAID

FILED
FEB 20 2003
COUNTY CLERK'S OFFICE
NEW YORK

_[signature: Norman Goodman]_

Case 1:04-cv-11332-RCL    Document 1    Filed 06/15/2004    Page 8 of 12

At an IAS Part 56 of the Supreme
Court of the State of New York, at
the Courthouse, 60 Centre Street,
New York, New York 10007
on the __ day of June, 2003

PRESENT: Hon. Richard B. Lowe III

------------------------------------------------------------x
LAWRENCE M. STERN,

       Plaintiff,

  - against -      Index No. 604330/01

CHANCELLOR CORPORATION and    **JUDGMENT**
BRIAN M. ADLEY,

       Defendants.
------------------------------------------------------------x

FILED JUN 20 2003 COUNTY CLERK'S OFFICE NEW YORK

The Summons with Notice in this action having been personally served upon defendant Chancellor Corporation ("Chancellor") and defendant Brian M. Adley ("Adley") on the 3rd day of September, 2001, defendant Chancellor having failed to answer or appear in any fashion with respect to the Summons with Notice, plaintiff Lawrence M. Stern ("Stern") having applied for a default judgment against Chancellor, Stern's application for default having been granted on July 26, 2002, defendant Adley having served a Demand for Complaint dated October 10, 2001, Stern having served a Verified Complaint on November 5, 2001, defendant Adley having served a Notice of Motion to Dismiss dated November 21, 2001, defendant Adley's Motion to Dismiss having been adjourned by stipulation dated January 2, 2002 until January 25, 2002, oral argument on the Motion to Dismiss having been heard on February 25, 2002, Vaneria & Sesti LLP having moved by order to show cause to withdraw as attorneys of record for defendant Adley, on the grounds of insufficient cooperation from Adley and a fee dispute upon the affidavit of Robert A. Sesti sworn to March 13, 2002, defendant Adley having failed to answer the Order



to Show Cause on March 27, 2002, the return date of the Order, defendant Adley having failed to comply with this Court's March 27, 2002 Order to retain new counsel within 30 days; the court having issued an October 8, 2002 Order granting in part and denying in part Adley's motion to dismiss; Stern having moved for reconsideration of the Court's October 8, 2002 Order on October 24, 2002, the Court having granted Stern's motion for reconsideration on November 8, 2002 as opposed; Adley having failed to comply with this Court's November 8, 2002 Order to retain new counsel and appear in Court in thirty days; this Court having directed Stern to apply for a default judgment if Adley did not appear in Court on December 10, 2002; Adley having failed to appear in Court on December 10, 2002 and Stern having applied for a default judgment against Adley;

Now, upon the oral application of plaintiff for a default judgment on December 10, 2002, and the decision of the court dated December 10, 2002 and all other papers and proceedings had herein:

IT IS HEREBY ADJUDGED, that plaintiff Lawrence M. Stern residing at 1160 Park Avenue, New York, New York, recover from defendant Brian M. Adley, residing at 1963 Massachusetts Avenue, Lexington, Massachusetts 02421, the principal amount of three loans in the following amounts, respectively: 1) in the sum of nine thousand nine hundred and fifty dollars and zero cents ($9,950.00) the unpaid principal amount for the loan made on July 5, 2000, with interest calculated from July 5, 2000 through May 31, 2003; 2) in the sum of two hundred ninety thousand dollars and zero cents ($290,000.00) for the loan made on July 6, 2000, with interest calculated from July 6, 2000 through May 31, 2003; and 3) in the sum of three hundred thirty six thousand dollars and zero cents ($336,000.00) for the loan made on September 22, 2000, with interest calculated from September 22, 2000 through May 31, 2003, all totaling



six hundred thirty five thousand nine hundred fifty dollars and zero cents ($635,950.00), together with unpaid interest on each loan in the amount of one hundred forty three thousand one hundred sixty seven dollars and twenty six cents ($143,167.26). ~~The clerk is directed to enter judgment in the amount of six hundred thirty five thousand nine hundred fifty dollars and zero cents ($635,950.00) together with unpaid interest on each loan in the amount of one hundred forty three thousand one hundred sixty seven dollars and twenty six cents ($143,167.26)~~ plus costs and disbursements of three hundred eighty dollars and zero cents ($380.00) all totaling ~~seven hundred seventy nine thousand three thirty eight dollars and thirty six cents~~ ($779,497.26) ~~in~~ and ~~favor of plaintiff Lawrence M. Stern and against defendant Brian M. Adley.~~

LET THE PLAINTIFF HAVE EXECUTION THEREOF,

Dated: 6/20/03

ENTER:

_____
J.S.C.

Clerk

FILED
JUN 20 2003
COUNTY CLERK'S OFFICE
N.Y. YORK

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:
I, NORMAN GOODMAN, COUNTY CLERK AND CLERK OF THE SUPREME COURT, NEW YORK COUNTY, DO HEREBY CERTIFY ON
MAY 13 2004
№ 163589
THAT I HAVE COMPARED THIS COPY WITH THE ORIGINAL AND THAT THE SAME IS A CORRECT TRANSCRIPT THEREFROM AND OF THE WHOLE OF SUCH ORIGINAL
FILED IN MY OFFICE ON 6/20/03
IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL.
FEE PAID
FACSIMILE SIGNATURE PURSUANT TO SEC. 693, COUNTY LAW.

Index No. 604330/01    Year 20 01

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LAWRENCE M. STERN,

                Plaintiff,

- against -

CHANCELLOR CORPORATION and BRIAN M. ADLEY,

                Defendants.

JUN 27 2003

## JUDGMENT

DOCKETED BY
Attorney(s) for Plaintiff

KASOWITZ, BENSON, TORRES & FRIEDMAN

1633 BROADWAY
NEW YORK, NEW YORK 10019
212-506-1700

FILED AND DOCKETED
JUN 20 2003
AT 5:00 PM
N.Y. CO. CLK'S OFFICE

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: June 5, 2003    Signature: *Janine M. Vecciarelli*
Print Signer's Name: Janine V. McFall Vecciarelli

Service of a copy of the within                                                                is hereby admitted.
Dated:

Attorney(s) for

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                                  20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon.
at                                                                one of the judges of the within named Court,
on                          20          , at          M.

Dated:

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Attorney(s) for

1633 BROADWAY
NEW YORK, NEW YORK 10019

To: